UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LCP WEST MONROE, L.L.C.** | * | **CIVIL ACTION NO. 17-0372** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **THE UNITED STATES OF AMERICA AND SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for lack of subject matter jurisdiction [doc. # 33] filed by defendant, the United States. For reasons assigned below, it is recommended that the government's motion be granted-in-part and denied-in-part.

**Background**

On March 9, 2017, LCP West Monroe, L.L.C. ("LCP") filed the instant complaint under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671-2680 and the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4130 against the United States and Selective Insurance Company of the Southeast ("Selective"). LCP also invoked the court's diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367.[1] On July 3,

---

[1] The court notes that LCP requested a jury trial, and that the matter presently is fixed one. However, there is no right to a jury trial when, as here, federal funds are at stake, even against a write-your-own insurer. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir.2012). Accordingly, in the absence of good cause shown within the next 14 days from the date of this report and recommendation, the court intends to strike the jury demand, and convert the matter to a bench trial.

2017, LCP filed its First Restated, Supplemental, and Amending Complaint. [doc. # 13]. Thus, this latter pleading governs plaintiff's claims and is the focus of the court's analysis for purposes of the pending motion.

LCP is the owner of the Shadow Glen Apartments, a seventeen building complex located in West Monroe, Louisiana. On March 9, 2016, eleven of the seventeen buildings in the complex suffered flood damage. From what the court may discern, the instant suit pertains to seven of the buildings, which the court will group by claim, as follows: Group (1) Building M and the Office Building; Group (2) Buildings H, J, L; and Group (3) Buildings I and K.

At the time that LCP purchased the Shadow Glen Apartments, the Group 1 buildings were not located in a Special Flood Hazard Area ("SFHA") within the FEMA Flood Insurance Rate Map ("FIRM"). Thus, LCP procured flood insurance from an unspecified source for the Group 1 buildings that had a $250,000 deductible for each building. Unbeknownst to LCP, however, the FIRM that covered its property underwent a modification called a "Letter of Map Revision" ("LOMR"), which resulted in a change of zones for the Group 1 buildings, effective January 21, 2016, that caused the Group 1 buildings to migrate into an SFHA (i.e., from zone "X" to "AE"). Had LCP known of the zone change, it says that it would have secured "adequate" flood insurance policies on the Group 1 buildings through the National Flood Insurance Program ("NFIP"), that only had a $2,000 deductible. LCP contends that FEMA negligently failed to provide it with statutorily required notice of the flood zone change for the Group 1 buildings, and seeks resulting damages. (Amend. Compl., Count I).

The Group 2 and 3 Buildings did not migrate zones during the 2016 LOMR. Rather, since at least 1994, they have remained in an SFHA (i.e., zone "AE"). The Group 2 and 3

buildings each were covered by a flood insurance policy issued under the NFIP. FEMA directly issued the policies for the Group 2 buildings; whereas Selective, a "Write-Your-Own Company" under the NFIP,[2] issued the policies for the Group 3 buildings.

NFIP coverage is provided pursuant to a Standard Flood Insurance Policy form ("SFIP"). 44 C.F.R. § Pt. 61.13. The SFIP provides that, within 60 days after a loss, the policyholder must send FEMA a signed and sworn proof of loss that contains certain specified information. 44 C.F.R. § Pt. 61, App. A(2), Art. VII (J)(4).

The flooding at issue in this case occurred on March 9, 2016. On April 21, 2016, David Maurstad, an Assistant FEMA Administrator, issued a Notice of Limited Waiver of the SFIP to Extend the Time for Sending Proofs of Loss in the States of Louisiana and Mississippi for Claims Related to Severe Winter Storms Commencing on March 7, 2016, through March 19, 2016 (the "Notice"). (the Notice; M/Dismiss, Exh. B). The Notice granted NFIP policyholders a 60 day extension of their deadline to submit a proof of loss, which accorded affected policyholders a total of 120 days after the date of loss to submit their proof of loss, i.e., until July 7, 2016, for the properties at issue here. *Id*. The extension applied both to SFIPs issued directly by FEMA and to SFIPs issued by private insurance companies participating in the NFIP's Write Your Own Program. *Id*.

LCP timely submitted proofs of loss to FEMA for the Group 2 buildings on June 15, 2016. (LCP Proof of Loss Submittals; Amend. Compl., Exh. D). Within two weeks thereafter, FEMA issued payments on the proofs of loss for all but ~ $15,000 of the total amount claimed. (Decl. of Kenneth Browne; LCP Resp. to Selective's MSJ, Exh. C).

---

[2] *See* 44 C.F.R. § 61.13(f).

LCP timely submitted proofs of loss to Selective for the Group 3 buildings on May 27, 2016. (LCP Proof of Loss Submittals; Amend. Compl., Exh. D). Combined with advanced payments previously provided to LCP, Selective remitted sums for the proofs of loss in full by June 1, 2016. (Decl. of Kenneth Browne; LCP Resp. to Selective's MSJ, Exh. C).

On December 16, 2016 – well after the July 7, 2016, deadline to submit proofs of loss – LCP submitted supplemental proofs of loss for the Group 2 and 3 buildings. As of the date that suit was filed, LCP had not received a response from FEMA or Selective to its supplemental proofs of loss. (Amend. Compl.).

On March 8, 2017, LCP submitted an administrative tort claim to FEMA on Standard Form 95. (Amend. Compl., Exh. C). LCP requested approximately $2.2 million for damages associated with all three building groups. It further asserted that FEMA's actions constituted bad faith, thus subjecting it to liability under Louisiana Revised Statutes §§ 22:1973 and 22:1892.

In its amended complaint, LCP asserted a negligence claim against FEMA for failure to provide requisite notice of the change in flood zones for the Group 1 buildings. (Amend. Compl., Count I). LCP further asserted a breach of contract claim against FEMA for the Group 2 buildings under the National Flood Insurance Act ("NFIA") and for bad faith failure to pay the supplemental proofs of loss (apparently under the FTCA). (Amend. Compl., Count II). LCP also asserted a breach of contract claim under the NFIA against Selective for failure to pay the supplemental proofs of loss for the Group 3 buildings. (Amend. Compl., Count III).

On February 15, 2018, the United States filed the instant motion to dismiss the claims asserted by LCP against it (the claims related to the Group 1 and 2 buildings) (i.e., Counts I & II) for lack of subject matter jurisdiction. On March 15, 2018, LCP filed its response to the motion

4

to dismiss. [doc. # 38]. On April 6, 2018, the government filed its reply. [doc. # 44]. Thus, the matter is ripe.[3]

## Law and Analysis

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962). In other words, the court lacks subject matter jurisdiction to entertain the suit. *See United States v. Sherwood*, 312 U.S. 584, 587, 61 S.Ct. 767, 770 (1941).[4]

In response to the government's motion to dismiss, LCP contends that it has a cause of action against FEMA under the FTCA. The court observes that the FTCA represents a limited waiver of sovereign immunity; suits filed thereunder must be filed in exact compliance with its terms. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971). Under the FTCA,

---

[3] Also on April 6, Selective filed a motion for summary judgment seeking dismissal of the claims related to the Group 3 buildings. [doc. # 43]. LCP filed its response to Selective's motion for summary judgment on April 30, 2018. [doc. # 48]. That matter remains pending before the District Court.

[4] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court can resolve a motion to dismiss for lack of subject matter jurisdiction "based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, **if a private person**, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).

The FTCA establishes the exclusive remedy for tort claims arising out of the actions of the federal government and its employees. 28 U.S.C. § 2679. The Act subjects the United States to tort liability if a private person would be liable for the same act under state law. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030–31 (5th Cir.2011) (citations omitted).

With respect to the Group 1 buildings, LCP argues that FEMA failed to comply with statutorily required notice and hearing requirements, both before and after the LOMR went into effect. *See* 42 U.S.C. §§ 4101 & 4104. Had FEMA complied with its statutorily imposed duties, LCP would have bought "adequate" flood insurance (apparently one with a lower deductible).

To determine whether a plaintiff should recover on a negligence claim, Louisiana courts employ a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Development*, 916 So.2d 87, 101 (La. 2005) (citation omitted).[5] Under the duty-risk analysis, plaintiff must establish five elements:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a

---

[5] Under Louisiana law, two applicable sources for delictual liability may be found in Civil Code Articles 2315 and 2316. Either way, the duty-risk inquiry remains the same. *See Harris v. H20 Spa & Salon*, No. 07-1618, 2007 WL 2571937, at *6 (E.D. La. Aug. 31, 2007) (analyzing claim under Article 2316).

>legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

*Id*.

Thus, the threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. This issue presents a legal question for the court to decide. *Meany v. Meany*, 639 So.2d 229, 233–34 (La. 1994). The inquiry requires plaintiff to show some basis in law—statutory, jurisprudential, or arising from general principles of fault—to support his contention that defendant owed him a duty. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir.2008) (citing *inter alia*, *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292–93 (La.1993)).

Here, LCP points to 42 U.S.C. §§ 4101 & 4104 to show that FEMA had a statutory duty to notify it of the LOMR. The difficulty with this argument, however, is that "the FTCA was not intended to redress breaches of *federal statutory duties*." *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995) (emphasis added). The alleged breach of a federal regulation cannot establish a duty owed by the government to the plaintiff under state law. *Tindall by Tindall v. United States*, 901 F.2d 53, 57 n.8 (5th Cir.1990). In other words,

>the violation of a federal statute or regulation does not give rise to FTCA liability unless the relationship between the offending federal employee or agency and the injured party is such that the former, if a private person or entity, would owe a duty under state law to the latter in a non-federal context. If the requisite relationship and duty exist, then the statutory or regulatory violation may constitute or be evidence of negligence in the performance of that state law duty.

*Johnson, supra*.

Plaintiff relies on *Anderson v. Bossier Parish Policy Jury* to support its argument that Louisiana recognizes a general duty to notify property owners of flood map changes. *Anderson v. Bossier Par. Police Jury*, 56 So.3d 275 (La. App. 2d Cir. 2010). In *Anderson*, however, the

court found that FEMA notices were insufficient to commence the running of prescription as to plaintiffs' challenge to a parish ordinance that implemented a flood map change. *Id*. The decision does not support the proposition that a private person owes a duty to notify property owners of a flood classification change affecting their property.[6]

LCP further argues that because of the lack of notice, its due process right to a hearing and notice were violated. However, the failure to hold a hearing was not a cause-in-fact of LCP's damages. From what the court may discern, the purpose of a hearing would be to challenge the map reclassification. If LCP had successfully challenged the reclassification, then it would have been in the same position as it found itself at the time of the flood, with the same insurance coverage, and the same un-reimbursed flood damage. Furthermore, constitutional tort claims are not cognizable under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78, 114 S.Ct. 996, 1001–02 (1994) (citations omitted).

In short, plaintiff has not established that it would have a cognizable tort claim against a private person under state law. Therefore, it does not have a viable claim against FEMA under the FTCA. Moreover, even if plaintiff *had* established that FEMA owed LCP a general duty to

---

[6] Plaintiff also cited a South Dakota decision, applying South Dakota law, which found that homeowner-plaintiffs stated a plausible claim for professional negligence against a company that incorrectly determined that their home was not in an SFHA. *Wells Fargo Bank, N.A. v. Fonder*, 868 N.W.2d 409, 416 (S.D.2015). However, the court expressly declined to address whether the company owed the plaintiffs a duty. *Id*. Moreover, the Fifth Circuit has held that under Louisiana law, a flood determination company retained by a lender does not owe a duty to the borrower-property owner for damages caused by its incorrect determination that the property was not in an SFHA, including an associated claim for failure to warn. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 254 (5th Cir.2008).

In *Paul v. Landsafe Flood Determination, Inc.*, the Fifth Circuit reached a contrary result. *Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 517 (5th Cir.2008). In *Paul*, however, the court distinguished *Audler* because Mississippi's rule was more expansive than Louisiana law. *Id*. Here, the court is obliged to look to Louisiana law.

notify it of the changed flood classification, breach of this duty would constitute a misrepresentation or omission of fact, which is specifically excepted from the FTCA's waiver of sovereign immunity. *Culp v. Alexandre*, No. 16-01267, 2017 WL 7035679, at *3 (W.D. La. Dec. 27, 2017), R&R adopted, 2018 WL 506062 (W.D. La. Jan. 22, 2018).

Citing Louisiana Civil Code Article 1967, LCP further contends that it detrimentally relied on "FEMA's lack of notice of a flood zone change in procuring flood insurance." (Pl. Opp. Memo., pg. 9). Under Louisiana law, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code Art. 1967 (in pertinent part). The broken "promise," here, however was that FEMA would notify affected property owners of flood map changes. Again, however, that promise cannot support an FTCA tort claim because it arose by virtue of a federal statute. *See* discussion, *supra*. Moreover, the Fifth Circuit has found that detrimental reliance claims sound in contract, not tort. *Stokes v. Georgia-Pac. Corp.*, 894 F.2d 764, 770 (5th Cir.1990). Thus, detrimental reliance, a/k/a promissory estoppel, is an implied-in-law contract claim – a claim for which the United States has not waived its sovereign immunity. *Carter v. United States*, 98 Fed. Cl. 632, 638–39 (2011) (citations omitted).

Insofar as LCP endeavors to cast its Group 2 buildings claim for failure to pay the supplemental proof of loss as a tort claim, it fares no better than the FTCA claim for the Group 1 buildings. Again, any duty to pay arose out of the SFIP, which is codified in a federal regulation. Thus, absent the federal law/regulation, a private person in Louisiana would not be liable for failure to pay policy proceeds. Accordingly, there can be no valid FTCA claim. Further, "[i]t is

9

well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims to the extent that damages exceed $10,000." *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir.2002). Those circumstances are satisfied here.[7]

Although the foregoing analysis more than suffices to dispel any basis to support a waiver of the government's sovereign immunity as to LCP's Group 1 claims, the court pauses to address two other arguments raised by the government. First, the government contends that the claims are barred by 42 U.S.C. § 4130, which provides that, "[n]o cause of action shall exist and no claim may be brought against the United States for violation of any notification requirement imposed upon the United States by this subtitle or any amendment made by this subtitle." 42 U.S.C. § 4130.

This provision was added pursuant to the Biggert-Waters Flood Insurance Reform Act of 2012 (the "BWFIRA"). (BWFIRA, Pub.L. 12-141, Div. F, Title II, Subtitle A July 6, 2012, 126 Stat. 916 (2012)). The government contends that the statute's reference to "subtitle" must refer to the BWFIRA itself. The court agrees. However, the government has not demonstrated that LCP's claims derive from any notification requirement imposed or amended by the BWFIRA; thus, the court cannot find that Section 4130 bars LCP's cause of action.

The government further argues that plaintiff's claims are barred by 33 U.S.C. § 702c of

---

[7] The court further observes that even a claim for "bad faith," breach of contract remains outside the FTCA's waiver of sovereign immunity. *Awad v. United States*, No. 93-0376, 2001 WL 741638, at *3 (N.D. Miss. Apr. 27, 2001). Moreover, insofar as LCP attempts to advance state law claims for bad faith handling of the Group 2 buildings' supplemental proofs of loss, those claims are preempted by the NFIA. *Berger v. Nat'l Flood Ins. Program*, No. 12-2158, 2013 WL 499310, at *5 (E.D. La. Feb. 7, 2013).

the FCA, which provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place . . ." 33 U.S.C. § 702c. The Fifth Circuit has recognized that,

> [i]n enacting section 702c Congress granted immunity to the United States in the broadest and most emphatic language, protecting it against liability of any kind . . . for any damage from or by floods or flood waters . . . Congress did not limit this immunity to damage done directly by inundation, but provided for immunity also from damage resulting from . . . flood waters.

*Florida E. Coast Ry. Co. v. United States*, 519 F.2d 1184, 1192 (5th Cir.1975) (citations and internal quotation marks omitted).

Section 702c "affirms the government's sovereign immunity in the flood-control context." *In re Katrina Canal Breaches Litig.*, 673 F.3d 381, 387 (5th Cir.2012). Nonetheless, "the government enjoys immunity only from damages caused by floodwaters released on account of flood-control activity or negligence therein." *In re Katrina Canal Breaches Litig.*, 673 F.3d at 387 (citations omitted). Here, however, the government has not established that the flood waters at issue were released on account of flood-control activity or negligence therein. Accordingly, the court necessarily finds that Section 702c is inapplicable.[8]

The only other potential waiver of sovereign immunity alluded to by LCP that conceivably could support a claim on behalf of the Group 1 buildings is under the NFIA, itself. The NFIA provides two limited waivers of sovereign immunity: 1) for challenges to disallowance of flood insurance claims, 42 U.S.C. § 4072 (*see* discussion, *infra*); and 2) to permit appeals of flood elevation determinations, 42 U.S.C. § 4104(g). *See City of Alexandria v. Fed. Emergency Mgmt. Agency*, 781 F. Supp.2d 340, 347 (W.D. La. 2011). LCP's claim for

---

[8] In so doing, this court must part company with *Kmart Corp. v. Kroger Co.*, No. 11-0103, 2012 WL 2126953, at *5 (N.D. Miss. June 11, 2012), insofar as that case is not otherwise distinguishable.

failure to provide notice of a flood map change does not fall within either category.

In sum, the undersigned finds that LCP has not established a basis to support a waiver of the government's sovereign immunity sufficient to support a colorable claim to recover the losses incurred by the Group 1 buildings. Thus, dismissal is required. Fed.R.Civ.P. 12(b)(1).[9]

LCP's NFIA claim on behalf of the Group 2 buildings fares a bit better – at least from a jurisdictional perspective. Indeed, § 4072 purports to confer jurisdiction:

> [i]n the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and *upon the disallowance* by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C.A. § 4072 (emphasis added).[10]

The government contends that LCP's supplemental proofs of loss were not timely submitted, and thus, § 4072 does not accord a viable vehicle for relief. The Fifth Circuit, however, has held that the proof of loss requirement is not jurisdictional. Rather, the "challenge is inseparable from the merits of the legal issue, that is, whether failure to file the proof of loss precludes recovery on the policy.*" Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir.1985).

---

[9] . A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013).

[10] Although LCP maintains that FEMA never responded to its supplemental proofs of loss for the Group 2 buildings, and therefore never actually *disallowed* them, the government did not raise this argument, and apparently concedes that the supplemental claims have been constructively disallowed.

Thus, where, as here (and in *Reeves*),

> the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous)[11] is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case . . .

*Id*. (citations omitted).

In this case, the government attached evidence to its motion to dismiss; thus, the court would be obliged to treat the motion as one for summary judgment with all of the protections to LCP that such a procedure entails. However, rather than converting the government's motion to dismiss into a motion for summary judgment that otherwise would be ripe for decision, the undersigned is persuaded that the better practice, at least in this case, is to find subject matter jurisdiction under 42 U.S.C. § 4072 as to the Group 2 building claim, and then deny the motion to dismiss for lack of subject matter jurisdiction as to that claim only. *See Burns v. Fed. Emergency Mgmt. Agency*, 84 F. Supp.2d 839, 843 (S.D. Tex.2000) (court cited *Reeves* to "emphatically" deny FEMA's Rule 12(b)(1) motion).

In so doing, the undersigned notes that LCP has requested additional time to conduct discovery as to FEMA's handling of its supplemental proof of loss claims. Moreover, the same overlapping issue is pending before the District Court, via Selective's motion for summary judgment, where LCP also has petitioned the District Court for additional time to obtain discovery to respond to that motion. Consistent treatment of these related issues is desirable.

Nevertheless, LCP is placed on notice that if the District Court finds that Selective is

---

[11] Contrast LCP's claims for the Group 1 buildings, which were not colorable. *See* discussion, *supra*.

13

entitled to summary judgment because the supplemental proofs of loss were not timely submitted, then it also may dismiss plaintiff's claim against FEMA on the same basis. Therefore, if LCP, and/or the government, wish to adduce any more evidence or argument relative to the timeliness of the supplemental proof of loss claims submitted on behalf of the Group 2 buildings, then they should promptly petition the District Court for leave to do so.

## Conclusion

The court finds that LCP has not established a cognizable waiver of the government's sovereign immunity that would support a claim under federal or state law for its losses associated with the Group One buildings (Building M and the Office Building).

The court further finds that, aside from its claim under 42 U.S.C. § 4072, LCP has not established a cognizable waiver of the government's sovereign immunity that would support any theory of recovery under federal or state law for its losses associated with the Group 2 buildings (Buildings H, J, & L).

Accordingly,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 33] filed by the United States be GRANTED-IN-PART, dismissing, without prejudice, the following claims: 1) LCP West Monroe, L.L.C.'s Count I claims, in their entirety, for losses associated with Building M and the Office Building; and 2) any theory of recovery asserted by LCP West Monroe, L.L.C. in Count II for losses associated with Buildings H, J, & L – apart from the lone claim authorized by 42 U.S.C. § 4072. Fed.R.Civ.P. 12(b)(1).

IT IS FURTHER RECOMMENDED that the motion to dismiss [doc. # 33] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 7th day of May 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE