# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LCP WEST MONROE, LLC** | **CIVIL ACTION NO. 17-00372** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED STATES OF AMERICA, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a claim by Plaintiff LCP West Monroe, LLC ("LCP") against the United States of America through the Federal Emergency Management Act ("FEMA") for additional damages as a result of flooding. Pending before the Court is a Motion for Summary Judgment [Doc. No. 63] filed by FEMA. LCP opposes the motion.

For the following reasons, FEMA's Motion for Summary Judgment is GRANTED.

## I.   FACTS AND PROCEDURAL HISTORY

FEMA is administrator of the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended.

LCP is the owner of the Shadow Glen Apartments, located at 1001 Glenwood Drive, West Monroe, Louisiana (the "Property"). The Property consists of seventeen buildings, three of which are insured by Selective.

On March 9, 2016, the West Monroe area experienced flooding. Eleven buildings located on the Property sustained some flood damage ("the Flood Loss"). At the time of the Flood Loss, three of the buildings (L, J and H) were insured under FEMA-issued NFIP Standard

Flood Insurance Policies – General Property Forms.[1]  FEMA issued LCP a SFIP on Building L under policy number 4000617572 ("Building L SFIP"). [2]  FEMA issued LCP a SFIP on Building J under policy number 4000617586 ("Building J SFIP"). FEMA issued LCP a SFIP on Building H under policy number 4000617603 ("Building H SFIP").

Following the March 9, 2016 flood, claims were submitted to FEMA under Buildings L, J, and H SFIPs. Upon receipt of the notices of loss, FEMA began the process of adjusting the claims.

FEMA assigned an independent adjuster to the claims. Working with LCP, the adjuster determined that LCP was entitled to payments for flood-related damages under Coverage A.

On June 15, 2016, LCP's representative executed sworn Proofs of Loss claiming net amounts of $245,967.70 under Building H SFIP; $299,261.19 under Building J SFIP; and $245,941.93 under Building L SFIP.

Proofs of loss must normally be submitted within 60 days, pursuant to 44 C.F.R., Pt. 61, App. A(2), Art. VII(J)(4). FEMA may authorize an extension to file claims outside the 60-day period. For Louisiana flood claims commencing on March 9, 2016, FEMA authorized an additional 60 days, giving insureds a total of 120 days after the date of loss to provide their signed and sworn Proof of Loss in support of amounts sought. In pertinent part, the extension provides:

---

[1] Some of the buildings were covered by policies issued through the NFIP by a private insurer, Selective Insurance Co. of Southeast ("Selective"). LCP also brought suit against Selective. The Court granted summary judgment to Selective based on its failure to pay the amounts sought in the later submitted proofs of loss. Currently pending before the Court is LCP's Motion for New Trial or Altered Judgment under Rule 59 [Doc. No. 74], which the Court will address separately.

[2] The full text of SFIPs is found at 44 C.F.R. Part 61, App. A(2)

> . . . To ensure that NFIP policyholders have sufficient time to finalize their claims, pursuant to Paragraph D of the General Conditions section of the SFIPs and 44 C.F.R. §61.13(d), I hereby authorize an additional 60-day extension of the time period within which a policyholder must submit the requisite signed and sworn-to proof of loss with their NFIP insurer. With this extension, an NFIP policyholder will have a total of 120 days after the date of loss to provide the completed, signed, and sworn-to proof of loss to the insurer. This limited waiver and extension shall apply to all NFIP claims for the flood damage related to the Louisiana and Mississippi flooding occurring March 7, 2016 through March 19, 2016. This limited waiver and extension applies to SFIPs issued directly by FEMA or by private insurance companies participating in the NFIP's Write Your Own Program. . . . By granting this limited waiver and extension of the time period to send a proof of loss, FEMA does not hereby waive any other provisions of the SFIP, and all other terms and conditions of the SFIP remain in effect.

[Doc. No. 63, Exh. B, April 21, 2016 FEMA Extension Bulletin W-16028]. Therefore, LCP had until July 7, 2016, to submit sworn proofs of loss pursuant to the extended deadline.

Although denying a duty to do so, LCP did not submit any further sworn proofs of loss by July 7, 2016, nor did it obtain any other waiver of the Proof of Loss deadline from FEMA.

On July 29, 2016, FEMA issued payments to LCP for Building H in the amount of $240,152.22 and for Building J in the amount of $290,854.16. On or around October 10, 2016, FEMA issued a payment on the proof of loss for Building L in the amount of $245,555.96. These payments reflect adjustments to the Proofs of Loss by FEMA based on items it determined at the time to be either non-compensable or items that should have been repaired, not replaced.

LCP contends that it could not perform substantial work on the buildings until after it received the payments from FEMA, which occurred after the proof of loss deadline.

LCP presented FEMA with additional Proofs of Loss executed on December 19, 2016, and mailed on December 23 2016, more than six months after the deadline. FEMA has not paid these claims.

On May 7, 2018, counsel for LCP sent a request to FEMA to waive the proof of loss deadline, and the request is pending.

On May 30, 2018, LCP learned that FEMA denied receiving the supplemental Proofs of Loss.

On July 2, 2018, FEMA issued three additional payments to LCP on the original Proofs of Loss in the amounts of $5,815.48 on Building H; $8,407.03 on Building J; and $385.97 on Building L. Thus, FEMA has now issued payment in full to LCP based on the amounts sought in the original Proofs of Loss.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.

*Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).[3]

### B. Flood Insurance Claims

The NFIP was created by Congress to provide flood insurance coverage at or below actuarial rates, is operated and administered by FEMA,[4] and is supported by funds from the United States Treasury. *See Marseilles Homeowners Condomimium Ass'n, Inc. v. Fidelity Nat. In. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008). A policy issued under the NFIP is a SFIP and "is 'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'" *Id.* (quoting *Mancini v. Redland Ins. Co.,* 248 F.3d 729,

---

[3]LCP made a jury demand in this matter. However, in her Report and Recommendation on FEMA's Motion to Dismiss, Magistrate Judge Hayes points out that "there is no right to a jury trial where, as here, federal funds are at stake . . ." [Doc. No. 51, p. 1 n.1 (citing *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012)]. Regardless, although a district judge is afforded more leeway with his review of a motion for summary judgment in a case set for bench trial, the general summary judgment standard of review remains the same.

[4]The NFIP is managed by the Federal Insurance & Mitigation Administration (formerly the Federal Insurance Administrator), a division of FEMA.

733 (8th Cir. 2001)). The provisions of the SFIP "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998) (citing *Federal Crop. Ins. Corp. v. Merrill*, 332 U.S. 380 (1947)); *see also Darouiche v. Fidelity Nat. Ins. Co.*, 2011 WL 777874 at *5, 415 Fed. App'x 548 (5th Cir. March 7, 2011) (same).[5]

Federal law requires that an insured presenting a claim under the NFIP must complete a proof of loss and use his "own judgment concerning the amount of loss and justify that amount." 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(5).[6] The proof of loss must be filed within 60 days unless there is a FEMA-authorized extension. 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(4); *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). An insured " may not sue . . . to recover money under this policy unless [it] ha[s] complied with all the requirements of the policy. . . . This requirement applies to any claim that [it] may have under this policy and to any dispute that [it] may have arising out of the handling of any claim under the policy." 44 C.F.R. § Pt. 61, App. A(2), Art.

---

[5]*Darouiche* and some of the other cited cases involved dwelling form SFIPs, issued pursuant to 44 C.F.R. pt. 61, app. A(1), and specific requirements and extensions following Hurricane Katrina. Nevertheless, the Court finds the case law precedential (as to the published decisions) and persuasive (as to the unpublished decisions) with regard to the analysis of flood insurance claims.

[6]Title 44, Code of Federal Regulation, Part 61, App. A(2),Art. VII(J)(7) and (8) provide as follows:

> 7. The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.
>
> 8. We have not authorized the adjuster to approve or disapprove claims or to tell you whether we will approve your claim.

VII(J)

For claims related to the March 9, 2016 flooding, FEMA extended the deadline for submitting proofs of loss an additional 60 days, for a total of 120 days, or until July 7, 2016, but did not waive the deadlines altogether or waive any other requirements. *See* [Doc. No. 63, Exh. B, April 21, 2016 FEMA Extension Bulletin W-16028 ("I hereby authorize an additional 60-day extension . . . By granting this limited waiver and extension of the time period to send a proof of loss, FEMA does not hereby waive any other provisions of the SFIP, and all other terms and conditions of the SFIP remain in effect"]. The timely submitted sworn proofs of loss were initially paid in part, after adjustment, by FEMA. Since that time, FEMA has paid all of the amounts requested in the timely submitted sworn proofs of loss. All that remains are the sworn proofs of loss submitted after July 7, 2016.

Under 44 C.F.R. §61 App. A(1) Art. VII(R), every STIP provides: "You may not sue us [i.e., FEMA] to recover money under this policy unless you have complied with all the requirements of the policy. . . . This requirement applies to any claim you may have under this policy and to any dispute you may have arising out of the handling of any claim under the policy."

Despite its late submission of the supplemental proofs of loss, LCP contends that it is permitted to bring suit against FEMA. In support of its claims, LCP argues that FEMA only recently denied receiving supplemental proofs of loss, that FEMA breached its own claims-handling guidelines and procedures by failing to consider the supplemental proofs of loss, that FEMA waived its right to assert a policy defense, and summary judgment is premature because further discovery is necessary.[7]

---

[7]LCP also argued that claims remain based on its original Proofs of Loss because they had not been paid in

7

First, LCP argues that summary judgment is inappropriate because it learned for the first time on May 30, 2018, that FEMA denies receiving the December 2016 supplemental proofs of loss prior to the initiation of this lawsuit and that its counsel has requested a waiver of the deadline. Therefore, LCP contends that summary judgment is premature, and, at the least, additional discovery is necessary. FEMA responds that LCP received its claims files in September 2017 and should have been aware since that time that the files did not contain supplemental proofs of loss. Further, FEMA responds that LCP did not properly request a waiver prior to filing a complaint, but attempted to do so via an email from its counsel to the Assistant United States Attorney during this litigation.

As FEMA points out, the proof of loss requirement can only be waived by the express consent of the Federal Insurance Administrator pursuant to 44 C.F.R. § 61.13(d) ("The Standard Flood Insurance Policy and required endorsements must be used in the Flood Insurance Program, and no provision of the said documents shall be altered, varied, or waived **other than by the express written consent of the Federal Insurance Administrator** through the issuance of an appropriate amendatory endorsement, approved by the Federal Insurance Administrator as to form and substance for uniform use."). It is undisputed that LCP did not request a waiver prior to initiation of this lawsuit, and it is undisputed that the time period for submitting proofs of loss had passed well before LCP submitted the supplemental proofs of loss which remain at issue. Finally, at least from the outset of this lawsuit, FEMA has been aware of the supplemental proofs of loss and has not waived the time period for submissions. For the reasons addressed below, the Court

---

full. However, on July 2, 2018, FEMA paid the remainder of the amounts sought in the original Proofs of Loss. Thus, this is no longer a viable issue or argument.

finds that discovery would not change the analysis under the precedential and persuasive authority, and summary judgment is appropriate at this time.

The remainder of LCP's arguments center around FEMA's past handling of claims. LCP contends that the testimony of its experts in the fields of insurance adjusting and claims handling of NFIP policies, Kenneth Browne ("Browne") and Louis Fey ("Fey"), stands unrebutted. Browne opined that the supplemental proofs of loss were timely submitted based on his experience in adjusting flood insurance claims. Fey opined that FEMA is improperly relying on policies to avoid payment for supplemental proofs of loss and that FEMA breached its duty to consider LCP's supplemental proofs of loss on a case-by-case basis.

LCP also argues that summary judgment is inappropriate because FEMA's stance in this litigation is inconsistent with its own directives, particularly in the post-Hurricane Sandy era. LCP points to FEMA's National Flood Insurance Program – "Claims Handbook," FEMA F-687, wich provides that an insured may file a supplemental claim and advises insureds to immediately notify their adjuster, agent, and/or company representative if post-deadline damage is discovered. *Id.*at p. 7. The Handbook provides further that the "insurance carrier **may contact** FEMA to directly accept a claim in the event you make an additional claim after the time limitation." *Id.* (emphasis added). In this case, the insurance carrier was FEMA itself, so LCP argues that "the ball was in FEMA's court to accept LCP's claims." [Doc. No. 77, p. 6]. Finally, the Handbook provides that "NFIP makes decisions about claims filed after 60 days on a case-by-case basis." *Id*. at p. 8. FEMA then applies a "reasonableness standard" to determine whether to pay late-submitted claims.

LCP explains further that FEMA has taken a "kinder and gentler" approach after criticism

9

following its handling of Hurricane Sandy claims. It provides a declaration from Fey, an experienced claims adjusters averring how FEMA should have handled LCP's claims and citing to FEMA's handbook. He further avers that FEMA is finalizing an updated version of its Handbook and that FEMA should not be permitted to rely on a "no longer stringent proof of loss requirement." [Doc. No. 48, Exh. H, Declaration of Louis Fey, ¶¶ 56-57]. LCP argues that FEMA had a duty to "comply with written standards, procedures, and guidance issued by FEMA," 44 C.F.R., Pt. 62, App. A, Art. 2(G)(1), which permitted LCP to submit supplemental proofs of loss after the deadline, and which FEMA could have submitted, and FEMA could have considered. On April 30, 2018, CBS News reported on the use of funds allegedly used to pay attorneys hired by Write-On-Your Own insurers to fight flood victims' claims. LCP contends that FEMA issued a policy statement on May 11, 2018, to respond to the allegations, stating that it "will pay every dime to a policyholder that they are due based on the coverage in the policies and the damage that occurred." [Doc. No. 77, Exh. J, FEMA's Policy Statement].

In support of its arguments, LCP cites the Court to a decision of its sister court in the Eastern District of Louisiana, *Smith v. American Bankers Ins. Co. of Florida*, No. 13-5684, 2014 WL 2155030 (E.D. La. May 22, 2014). That case involved homeowners who suffered property damage as a result of Hurricane Isaac on August 28, 2012. The Smiths worked with an independent adjuster to estimate their damage. On September 17, 2012, the WYO carrier, American Bankers, advanced $10,000.00 for building damages and $5,000.00 for contents. On September 19, 2012, the Smiths provided the independent adjuster, David Onstad, with an estimate prepared by a contractor stating that it would cost $64,268.00 to replace all the ceramic tile in the house. On October 2, 2012, American Bankers made further payments of $48,989.72 for building

10

damages and $44,115.97 for contents damages. Together, these payments amounted to $108,105.69.

On October 26, 2012, the Smiths' adjuster, Michaelson & Messinger Insurance Specialists, LLC, submitted a proof of loss form to American Bankers, signed by Mr. Smith, but which listed the policy limits and listed their damages as "undetermined." *Id.* at *1. The form indicated that American Bankers should contact Michaelson & Messinger with any questions or if it needed "anything additional." *Id.* However, on November 24, 2012, American Bankers rejected the claim, finding that the claim had been paid in full as provided under the first proof of loss and denied coverage as to the ceramic tile. Michaelson & Messinger then submitted an estimate to the independent adjuster, Mr. Onstad, indicating damage of $221,431.90. American Bankers again denied the claims, and on appeal, FEMA also denied the claim. The Smiths then filed suit against American Bankers.

In its motion for summary judgment, American Bankers argued that the Smiths' proof of loss was invalid because it does not provide an amount claimed, and a valid proof of loss is a condition precedent to litigation. The Smiths responded that the proof of loss was valid because it, with the estimate, provided extensive information about the amount claimed. American Bankers responded that, even if the Smiths had submitted the proof of loss and the estimate contemporaneously, the proof of loss would still not be valid because it did not include an amount claimed on the form itself. The district court denied summary judgment. Although the court found that, generally, an insured's failure to provide a complete, sworn proof of loss, as required by the SFIP, relieves the insurer from an obligation to pay, a proof of loss may be considered without a specific amount of damages (i.e., in this case listing the policy limits) if there is enough

11

information for FEMA to evaluate the merits of the claim.

However, as the Court explained in its Ruling on Selective's Motion for Summary Judgment, the Smiths were paid on their initial proof of loss and later submitted a second **timely** formal proof of loss. The Smith case does not address the situation herein—where LCP was paid in full based on its sworn proof of loss, but now seeks additional amounts based on an untimely proof of loss.[8] LCP characterizes the Smiths' actions as "lesser"[9] than its own, but the Court disagrees. The issue is not whose actions were greater or lesser, but whose actions were timely: the Smiths were timely, and LCP's were not.

Moreover, in a 2015 case, the Fifth Circuit rejected an insured's argument that "a later supplement to an incomplete proof of loss sufficiently complies with SFIP regulations." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 n.4 (5th Cir. 2015). The *Ferraro* Court explained that the non-binding decision in "*Smith* . . . left open only the narrow possibility that 'if the same amount is claimed, and only the decision is disputed, additional proofs of loss may not be necessary.'" *Id.*[10] In *Ferraro*, the insureds timely provided a signed, sworn proof of loss for damage arising from Hurricane Isaac within the 240 days permitted by a FEMA-authorized extension, but advised a supplement would follow. They then supplemented with a report from

---

[8]The Smith Court does note in passing that 60 days was insufficient time for the Smiths to assess their damages, but the Court does not find this statement persuasive in light of the Fifth Circuit precedential and persuasive authority.

9 [Doc. No. 77, p. 17].

[10]Notably, in *Smith*, the "original proof of loss requested $250,000 [which was the amount of the policy limits] and [the] supplemental estimate itemized [the] claim at $221,431.90." *Ferraro*, 796 F.3d at 534 n.4.

a public adjuster but did not submit a second, sworn proof of loss within the time permitted.

Under those circumstances, the Fifth Circuit held, as a matter of first impression, that an insured must submit an additional proof of loss to recover an additional amount on a preexisting claim. *Id.* at 532-34. In reaching that holding, the Fifth Circuit reiterated that "[a]n insured's failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim." *Id.* at 534. Thus, even where the insurer had notice within the 240 days that the insured intended to supplement its claim, the insurer was entitled to summary judgment when it failed to submit a second sworn proof of loss during that time.

While not precisely addressing the factual scenario before this Court, *Ferraro* when read along with prior Fifth Circuit precedential and persuasive authority compels judgment in favor of FEMA.[11] Although FEMA "may" have granted a further extension under the Handbook provisions, it was not required to do so. LCP, on the other hand, **was required under the SFIP** (and the FEMA-authorized extension) to submit its sworn proofs of loss by July 7, 2016.[12] *See Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 287 (5th Cir. 2009) (distinguishing between the proof of loss clause of the SFIP that uses the word "must" and the appraisal clause of the SFIP that uses the word "may" and finding the former is mandatory but the latter is optional). It failed to do so with regard to the December 2016 proofs of loss, and it cannot recover the

---

[11] The second proof of loss was not sworn.

[12] The parties have cited the Court to no authority, nor has the Court found any, which holds that the FEMA handbook constitutes an express waiver of the SFIP requirements. Nonetheless, the cited provisions do not raise a genuine issue of material fact for trial for the reasons stated.

additional amounts sought.

Finally, LCP's arguments concerning waiver and estoppel do not raise a genuine issue of material fact for trial. The SFIP provides: "This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator. No action that we take under the terms of this policy can constitute a waiver of any of our rights." 44 C.F.R. § Pt. 61, App. A(2), Art. VII(D). The only waiver in this case was FEMA's 60-day extension of the time for submitting sworn proofs of loss. FEMA's handling of this claim, on its face, or as compared to the handling of other claims does not constitute a waiver of the statutory and regulatory requirements. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998) (Insurer did not waive the proof of loss requirement by failing to state it as a basis for the denial of the claim or by re-opening the file where "the federal regulations provide that no provision of the policy may be altered, varied, or waived without the *express* written consent of the Federal Insurance Administrator.").

Further, the Fifth Circuit is clear that, unless FEMA waives the proof-of-loss requirement or further extends the deadline, there is no equitable estoppel claim available. Indeed, "because any payments on [LCP's] claim would come from the public treasury," any estoppel claim against FEMA is an estoppel claim against the United States, and the Fifth Circuit has "never upheld such claims in the context of the NFIP." *Collins v. National Flood Ins. Program*, 2010 WL 3528831, 394 Fed. App'x. 177, 179-80 (Sept.10, 2010); *see also Marseilles*, 542 F.3d at 1056 (refusing to apply equitable estoppel and finding that failure to comply with the proof-of-loss requirement precluded the claim); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387-88 ( 2005) ("Here . . . we find the doctrine of equitable estoppel inapplicable. The Supreme Court has made clear

that 'judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized.' . . . Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" . . . [This] principle applies to claims against WYOs [as well as FEMA], because SFIPs are ultimately supported by federal funds.") (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426 (1990)); *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (inadequate proof of loss precluded suit; conditions imposed by Congress for disbursing the Federal treasury cannot be estopped).

### III. CONCLUSION

For the reasons set forth above, FEMA's Motion for Summary Judgment is GRANTED, and LCP's claims against it are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 12th day of July, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE