# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

LCP WEST MONROE, LLC                         CIVIL ACTION NO. 17-00372

VERSUS                                       JUDGE TERRY A. DOUGHTY

UNITED STATES OF AMERICA, ET AL.             MAG. JUDGE KAREN L. HAYES


## MEMORANDUM ORDER

Pending before the Court is Plaintiff LCP West Monroe, LLC's ("LCP") "Motion for New Trial or Altered Judgment under Rule 59" [Doc. No. 74]. LCP moves the Court to reconsider its May 18, 2018 Ruling and Judgment [Doc. Nos. 58 & 59] granting Defendant Selective Insurance Company of Southeast's ("Selective") Motion for Summary Judgment. Selective opposes the motion. [Doc. No. 90].

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Depending on when it is filed, a motion seeking relief from a final judgment may be construed under either Rule 59(e) as a motion to alter or amend a judgment, or under Rule 60(b) as a motion for relief from a final judgment. *Id.*; *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n. 19 (5th Cir. 1998). Because LCP's

motion was filed within 28 days of the final judgment, the Court considers it under Rule 59(e).

*See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177 (5th Cir. 2012) (where the court considered

plaintiff's Rule 60(b) motion as a motion to amend judgment under Rule 59(e) because it was filed

within the applicable 28-day time frame).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used

infrequently by the courts and only in specific circumstances. *Templet v. Hydrochem, Inc*., 367

F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) 'must

clearly establish either a manifest error of law or fact or must present newly discovered evidence'

and 'cannot be used to raise arguments which could, and should, have been made before the

judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)

(quoting *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863-64 (5th Cir. 2003) (other citations and

quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an

intervening change in the controlling law." *Schiller*, 342 F.3d at 567-68 (citation omitted).

A Rule 59(e) motion should not provide an opportunity for movants to rehash evidence,

legal theories, or arguments that could have been raised before judgment. *Templet*, 367 F.3d at

478-79; *see LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005). In determining whether to

grant a Rule 59(e) request, the Fifth Circuit has indicated that district courts should balance the

need for finality against the need to render equitable decisions based on all the facts. *Edward H.

Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, LCP contends the Court committed manifest errors and that reconsideration is

needed to prevent manifest injustice.

"A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the

'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

Here, LCP has failed to meet its burden under Rule 59(e). LCP has not presented any newly discovered evidence, but rehashes arguments and evidence that it previously submitted in opposition to Selective's Motion for Summary Judgment. None of these arguments, which were considered fully the first time, provides a basis to alter or amend the Judgment.

Further, the Court has since had the opportunity to fully address the same arguments yet again in ruling on the United States of America's Motion for Summary Judgment and finds, again, that LCP has failed to raise a genuine issue of material fact for trial.

Accordingly,

IT IS ORDERED that LCP's Motion for New Trial or Altered Judgment under Rule 59 [Doc. No. 74] is DENIED.

MONROE, LOUISIANA, this 12th day of July, 2018.

 

 

 

_____

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

3